IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


DAVID CRAIG SPENCER                                                                          PLAINTIFF

v.                                          Case No. 4:13CV00142 JTK

CAROLYN COLVIN, Commissioner,
Social Security Administration                                                             DEFENDANT


## ORDER

Pending before the Court is Defendant's Motion to Dismiss, DE #6.  Defendant contends  this action should be dismissed because there is no order that is subject to judicial review under 42 U.S.C. § 405(g).  Plaintiff's counsel did not file a response to the motion.  As explained below, the Motion to Dismiss is GRANTED.

On October 28, 2011, the administrative law judge (ALJ) issued an unfavorable decision finding Plaintiff not disabled under the Social Security Act.  Thereafter, Plaintiff filed a timely request for review, and on October 17, 2012, the Appeals Council denied the request.  The Council's notice of denial informed Plaintiff that he had sixty (60) days to file a civil action and that such time started five days after the date of the letter, unless he could show that he did not receive it within that time period. The notice also informed Plaintiff that he could ask the Appeals Council to extend the time for filing if he could not file within the sixty (60) days allotted.  *See* 20 C.F.R. § § 404.901, 404.981, 404.982, 416.1401, 416.1481, 416.1482, 422.210(c).  Thus, absent any extension, Plaintiff had up to and including December 21, 2012, to file his civil complaint.  Plaintiff commenced this action on March 14, 2013.

The Court notes that Marian Jones of the Office of Disability Adjudication and Review for the Social Security Administration states that she was unaware of any request by Plaintiff for an extension of time to file this civil action.  The Court further recognizes that it has authority to equitably toll the statute of limitations.  *Bowen v. City of New York*, 476 U.S. 467, 480 (1986) ("While in most cases the Secretary will make the determination whether it is proper to extend the period within which review must be sought, cases may arise where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'").  In the Eighth Circuit, however, equitable tolling has been used "only sparingly."  *Medellin v. Shalala*, 23 F.3d 199, 204 (8th Cir. 1994) (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)):

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, *or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass*.  We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

As previously stated, Plaintiff's counsel has not responded to the motion, and this Court cannot find this case to be one where there are equities sufficient to toll the limitations period.  Therefore, the Court finds that Plaintiff's complaint was untimely and that Defendant's Motion to Dismiss, DE #6, should be granted and the case dismissed.

WHEREFORE, IT IS HEREBY ORDERED THAT:

1.    Defendant's Motion to Dismiss, DE #6, is GRANTED.

2.    Plaintiff's case is DISMISSED WITH PREJUDICE.

SO ORDERED this 15th day of July, 2013.

_____
UNTIED STATES MAGISTRATE JUDGE